**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Petitioner-Appellee*

v.                                      No. 00-7523

OLAWALE AKERE,
          *Respondent-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-00-282-5-BO(2))

Submitted: June 29, 2001

Decided: August 1, 2001

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Michael D. Bredenberg, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Olawale Akere, a federal prisoner confined at the Federal Correctional Institution at Butner, North Carolina (FCI-Butner), appeals the district court's order adopting the report and recommendation of the magistrate judge and finding that he suffers "from a mental disease or defect for the treatment of which he is in need of custody for care and treatment." 18 U.S.C. § 4245 (1988). Upon review of the briefs on appeal and the record before the court, we affirm.

The district court properly grants a § 4245 motion if the government proves by a preponderance of the evidence that the inmate currently suffers from a mental disease or defect requiring "custody for care or treatment in a suitable facility." *United States v. Baker*, 45 F.3d 837, 840 (4th Cir. 1995). The district court's determination of this issue is one of fact, which is reviewed by the appellate court under a clearly erroneous standard. *See United States v. Steil*, 916 F.2d 485, 487 (8th Cir. 1990). A finding is clearly erroneous when "the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Faulconer v. Commissioner*, 748 F.2d 890, 895 (4th Cir. 1984). At the hearing on the government's motion to determine Akere's present mental condition, the magistrate judge considered Akere's own testimony, two psychiatric evaluations, and the testimony of Dr. Bruce Berger, a psychiatrist from FCI-Butner.

In light of the fact that both psychiatric evaluations concluded that Akere was suffering from a mental disease or defect requiring custody for care or treatment in a suitable facility and Akere presented no evidence to the contrary other than his own self-serving assertions, we have no difficulty in concluding that the district court's determination was not clearly erroneous. In addition, contrary to counsel's assertion, we find no support in the statute or in this court's precedent* for the

---

*We find that a fair reading of the language in *United States v. Muhammad*, 165 F.3d 327, 334 (5th Cir. 1999), upon which Akere relies

proposition that the district court erred in committing Akere without a finding of dangerousness. *See* 18 U.S.C. § 4245.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

for this proposition, suggests that the Fifth Circuit was paraphrasing the Appellant's argument rather than imposing an additional requirement of a finding of dangerousness. *See id.*